**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　Case No. 4:08cv4-SPM/WCS

**NATHANIAL P. SCHWEMMER,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action in January, 2008, by filing a complaint alleging that Defendant is indebted to the United States of America and failed to make payments on his student loan under 20 U.S.C. § 1071, *et seq*. Doc. 1  Defendant, proceeding *pro se*, was served with process, doc. 7, and filed an Answer on July 18, 2008.  Doc. 8. Defendant's Answer does not contest the principal amount of the loan, the interest, or the failure to make payment.  *Id.*

A Case Management and Scheduling Order was entered on July 10, 2008, doc. 9, directing the parties to discuss, among other matters, a possible settlement of this case due to the uncontested nature of this action.  Doc. 9.  The *pro se* Defendant's copy

of that order was returned to the Court on July 23, 2008, as "undeliverable." Doc. 10. The parties were directed to file a status report and advised that they might again, at some point in the future, be directed to discuss settlement or resolution of this matter. Doc. 11. Defendant's copy of that order was not returned to the Court, and Plaintiff filed a response stating that Plaintiff sent the *pro se* "Defendant a Consent Judgment for his signature." Doc. 12, p. 1. The mailing was returned to Plaintiff marked "attempted - not known, unable to forward." *Id.* Plaintiff states that three messages were left on Defendant's cell phone, but Defendant has not returned the calls. *Id.*

Plaintiff filed a motion for summary judgment on September 24, 2008. Doc. 13. I entered an order on September 30th, advising Defendant of his obligation to respond to the motion under Rule 56. Doc. 14. Defendant's copy of that order was not returned to the Court as undeliverable and, thus, it is assumed Defendant received the order. Defendant has not, however, filed a response to the motion. Therefore, Plaintiff's motion for summary judgment is uncontested.

**Facts**

Defendant obtained a student loan and is indebted to the United States under 20 U.S.C. § 1071, *et seq.* Doc. 1. The principal amount of the loan owed by Defendant is $16,340.70, with interest of $632.37, plus interest that accrued at the rate of 2.73%. *Id.* Plaintiff made a demand on Defendant to pay the claimed amount, but Defendant failed to make payment. *Id.* Though this action, Plaintiff seeks judgment against the Defendant in the amount of $16,340.70, plus interest, and the $350.00 filing fee for this action. Doc. 1, p. 2. Attached to the complaint was a Certificate of Indebtedness which states the total amount Defendant owes the United States is $17,003.07 (which includes

the $16,340.07 of principal, $632.37 in interest, and $30.00 of "administrative charges"). Doc. 1, attachment.  The record reveals that Defendant agrees he "failed to make payment."  Doc. 8.  Defendant further agrees that he owes Plaintiff "the principal sum of $16,340.70, and interest of $632.37, plus accruing interest at the annual rate of 2.73% as set forth in the Certificate of Indebtedness prepared by the Department [of] Education, plus $350.00 in court filing fees."  *Id.*  As there is no dispute, the motion for summary judgment, doc. 13, should be granted.

## RECOMMENDATION

In light of the uncontested nature of this case, it is respectfully **RECOMMENDED** that Plaintiff's motion for summary judgment, doc. 13, be **GRANTED** and judgment entered in Plaintiff's favor in the total amount of $17,352.44.

**IN CHAMBERS** at Tallahassee, Florida, on April 23, 2009.


    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**